J. SHAW *vs.* AH LING, PELANI (w.) and KAOPULAU-OHA (k.)

APPEAL FROM COMMISSIONER OF WAYS.

HEARING, APRIL 1, 1891.    DECISION, APRIL 15, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The petitioner not showing a right of way by prescription, a right of way by necessity awarded him.

OPINION OF THE COURT, BY JUDD, C.J.

The Commissioner awarded to petitioner a right of way three feet wide over the land of Pelani (w.) at Kalaepohaku, Kapalama, Honolulu, Oahu.

It was located by the Commissioner to begin "at the north corner of Pelani's land (sold by R. Keelikolani to Kuhiana by deed recorded in Liber 39, p. 412) at stone wall and runs along the northwest boundary of Kuhiana, to L. C. Award 2,266, thence across a portion of this award to and across an auwai."

The defendants appealed.  It appears from the testimony that this lot called Kuhiana's was unfenced for many years previous to the sale to Kuhiana, and that the persons occupying the land makai of it, now owned by Mr. Shaw, had access to the Government road through every part of the Kuhiana lot as it suited their convenience.  On the sale to Kuhiana in 1875 it was fenced and built upon and afterwards divided to Kuhiana's heirs, one of whom is Pelani (w.). defendant.  Mr. Shaw's predecessors in the title, and his tenants since his purchase of the land below in 1886, were accustomed to pass through a gate in Pelani's fence on the Government road, over her land to a gate in a fence which separated the house lot from her cultivated land below, leased to Ah Ling, defendant, and along a kuauna or bank to Mr. Shaw's land.  This last mentioned gate was closed by Ah Ling, defendant, and caused this application.

It is clear that the right of way claimed by the petitioner, Mr. Shaw, has not been acquired by prescription, for its uses only began in 1875, when the fences were put up.  We think, however, that Mr. Shaw is entitled to a right of way to his land from the Government road mauka, which leads to the stone quarry and out to King street on the easterly side of Kamehameha school premises.  He is entitled to it by necessity.  But the Commissioner has located it very inconveniently for Pelani (w).  It would cut through the back part of a stable that has been apparently standing for many years.  We noticed on our visit to the *locus in quo* that Mr. Shaw has land adjoining the Pelani lot extending to the Government road.  Why should not the right of way be awarded to petitioner over his own land as far as it extends?  The statute requires that the decision shall be " equitable," and we think it would be inequitable to award one a right of way over another's land, causing the removal of buildings, when it can be avoided.

It was stated in argument and admitted by counsel on both sides that this lot is under lease by Mr. Shaw to Ah Ling, one of the defendants.  It is cultivated in bananas.  The judgment of the Commissioner is reversed, and we award a right of way three feet wide, beginning at the stone wall on the Government

road in question, and running on the Shaw land (marked No 2 on the map filed) along its easterly side, where it adjoins the Pelani lot. The right of way is to run makai at right angles, as near as may be, to the Government road, and to continue on through the Shaw lot marked No. 2, to and through the L shaped part of the Pelani lot marked " E" on the map, over the auwai to the Shaw land marked No. 3 on the map. The right of way is not to be fenced out. The expense of opening the way is to be borne by the petitioner.

Each party to pay his own costs.

*W. O. Smith,* for petitioner.

*S. K. Kane,* for defendants.